UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RAYMOND A. SEASE, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 2:12-CV-453 JD |
| LAKE COUNTY SHERIFFS DEPT., *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Raymond A. Sease, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. [ECF No. 6.] Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The Court applies the same standard under Section 1915A as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the Court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Sease claims that officers from the Lake County Sheriff's Department violated his rights in connection with events occurring between November 2007 and January 2008. Specifically, he claims that the officers conducted a "bogus investigation and surveillance" based on a tip from an informant that he was engaging in drug activity at his residence in Gary, Indiana. The investigation culminated in his arrest on January 25, 2008. He asserts a number of claims: the officers improperly relied on the informant because he was "a felon and a drug user"; the arrest warrant the officers obtained was legally deficient on several grounds; he was falsely arrested because the officers had no audio or visual recordings of the undercover drug buys made by the informant; the officers conducted an improper search of his home incident to his arrest; and the officers used excessive force in effectuating his arrest.

The Fourth Amendment of the Constitution guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST . AMEND. IV. Claims for false arrest, excessive force, and other Fourth Amendment violations accrue at the time of the violation. *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). In Indiana such claims must be brought within two years. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although timeliness is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint itself. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Here, it is apparent from the complaint that Sease is complaining about an investigation and arrest that occurred five years ago. These claims are untimely and must be dismissed.

For the sake of completeness, the Court notes that Sease asserts in general terms that the officers' actions also violated his rights under the "5th, 9th, and 14th Amendment[s]." [*See* ECF

No. 6 at 3, 5, 9.] When a plaintiff is proceeding *pro se*, the Court must analyze his claims, not the legal theories he propounds. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). Here, Sease's claims stemming from the officers' investigation, his arrest, and the search of his home fit within the Fourth Amendment rubric, not the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 274-75 (1994) (Fourteenth Amendment claim could not be maintained where the Fourth Amendment protected the rights at issue); *see also Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (plaintiff, who alleged a deprivation of his rights by police in connection with his arrest, could not recast an untimely Fourth Amendment as a due process violation simply by changing the label).

The Ninth Amendment, which pertains to federalism, has no conceivable application to the facts alleged in Sease's complaint, nor has he explained how the officers violated his rights under this Amendment in connection with his arrest. *See* U.S. CONST. amend IX ("The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."); *see also Massachusetts v. Upton*, 466 U.S. 727, 737 (1984) (Stevens, J., concurring) (observing that the Founding Fathers adopted the Ninth Amendment out of concern that "enumerating certain rights could provide a 'plausible pretense' for the Government to claim powers not granted in derogation of people's rights"). The Fourth Amendment applies most directly to Sease's claims, *see Alexander*, 692 F.3d at 558, and as stated these claims are untimely.

As for the Fifth Amendment, Sease mentions in passing that the officers did not read him his *Miranda* warnings at the time of his arrest, and, although unclear, he may be attempting to assert a violation of his right against self-incrimination. [*See* ECF No. 6 at 5.] Such a claim is not

3

cognizable unless he made inculpatory statements to police that were used against him in the criminal case. *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003) (failure to give *Miranda* warning alone is not actionable under the Fifth Amendment unless the defendant gave a statement in response to coercive police questioning that was used against him in a criminal proceeding); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1024-25 (7th Cir. 2006) ("After *Chavez*. . . a violation of the *Miranda* safeguards cannot provide the basis for § 1983 liability without use of a suspect's statements against him in a 'criminal case.'"). Here, the complaint (which is Sease's second attempt to state his claims) contains a 7-page narrative that goes into great detail about these events, but Sease does not allege, nor can it be plausibly inferred, that he made an inculpatory statement to police or that such a statement was used against him in court. He does not state a plausible Fifth Amendment claim under federal pleading standards. Furthermore, his claim stems from events that occurred in 2008, and would be time-barred in any event. *See Orosco v. Swyers*, 435 Fed. Appx. 556 (7th Cir. Aug. 11, 2011) (plaintiff's Fifth Amendment claim that he was questioned without a *Miranda* warning accrued when state initiated criminal proceedings against him).

For the reasons set forth above, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January 8, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court